## MAJETTE, ELLIS & CO. *et al.* v. BEWICK LUMBER CO.

In an action for damages for trespass upon land, brought prior to the passage of the pleading act of 1893, it is necessary for the petitioner to prove his allegation of ownership of the land although the defendant filed no answer denying such allegation.

Submitted April 30, — Decided May 26, 1898.

Action of trespass. Before Judge Sweat. Appling superior court. September term, 1897.

*E. D. Graham*, for plaintiff in error. *John C. McDonald, G. J. Holton & Son* and *A. C. Wright*, contra.

SIMMONS, C. J. In March, 1893, the Bewick Lumber Company filed an equitable petition against Majette, Ellis & Co., to enjoin a trespass upon certain land. In the same petition the plaintiff also prayed for damages against the defendants for the trespass. On the trial of the case, the plaintiff introduced one deed purporting to convey to it the title to the land, but did not prove that the grantor therein had ever been in possession, or that the title was in him. The defendants filed no plea or answer to the action, but appeared at the trial and

contested the right of the plaintiff to recover. The judge charged the jury: " The plaintiff has not been put upon proof of its title. That has been admitted and confessed by the defendants, and is not questioned or contested. Therefore, that question is not to be considered by the jury, it being taken for granted by the court and the jury, under this status of the case, that the allegations made by the plaintiff that it is and was the true and lawful owner of these particular lots of land are true." To this charge defendants excepted, and we think the exception was well taken. The record discloses that the defendants did not make the admission referred to, unless such admission resulted from a failure to plead, and it seems that the judge in giving the charge complained of was under the impression that the pleading act of 1893 applied to the case. The petition was filed in March, 1893, and the pleading act was not approved until December 15, 1893. This court has in several cases held that this act does not apply to suits instituted before its passage. This being true, the law in force prior to the passage of the act of 1893 must govern and control this case. Under that law, the plaintiff was required, except in certain cases provided for by statute, to sustain by proof all the allegations in his petition. An action for damages for trespass was not one of the cases provided for by statute, in which it was allowable, in the absence of plea and answer, to take as true the allegations in the petition. It was, therefore, error to instruct the jury that in consequence of a failure of the defendants to file a plea or answer, the allegations of the petition were admitted.

*Judgment reversed. All the Justices concurring.*